IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES CASEY OCONNOR, | § | |
| #4209-19, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3258-G-BN |
| | § | |
| CHARLES E. EDGE, Sheriff, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Based on publicly available information, Plaintiff, identifying himself as "OCONNOR," is an inmate at the Ellis County jail named James Casey OConnor, charged with theft in Texas, who has a hold against him by authorities in Washington County, Arkansas, where it appears he is facing charges of theft by receiving and terroristic threat.

Plaintiff has filed this *pro se* civil rights action against the Ellis County Sheriff and a lieutenant in his office and the Washington County, Arkansas Sheriff and officials in his office, alleging that the defendants have violated his constitutional rights by his continued pretrial detention and denial of a bond hearing and requesting that he be allowed to proceed to trial, be released from custody, and be compensated for the time that he spent in detention. *See* Dkt. No. 3.

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. And the undersigned

enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint without prejudice to Plaintiff's filing within a reasonable period of time to be set by the Court an amended civil rights complaint that excludes requests for habeas relief and cures, if and where possible, the deficiencies outlined below.

### Legal Standards

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint

on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at \*2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at \*8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at \*1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was

given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

First, Plaintiff's seeking release from custody amounts to a request for habeas relief through a civil rights complaint. And, while "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under [28 U.S.C.] § 2241 if two requirements are satisfied" – (1) that petitioner is "in custody" and (2) that he has exhausted "available state remedies," *Ray v. Quarterman*, No. 3:06-cv-850-L, at *1 & n.1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006), where a detainee "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action," he seeks "two forms of relief that cannot be obtained in the same suit," *Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011).

And, where a prisoner brings both "habeas and § 1983 claims," the district court is "required" to "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); collected cases omitted).

The Court should therefore dismiss Plaintiff's requests related to habeas relief – which would include those related to release pending trial and related to a speedy

trial in state court – without prejudice to his filing a Section 2241 petition after properly exhausting available state remedies and continue to screen his civil rights claims.

Liberally construed, Plaintiff appears to allege an excessive bail claim under the Eighth Amendment,

> which prohibits "excessive bail," [and thus] recognizes both the obvious liberty interest of pretrial detainees (those accused, but not yet convicted) and the government's legitimate interest in ensuring the accused's appearance at trial. U.S. CONST. amend. VIII. It does so by ensuring that "the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant." *Stack v. Boyle*, 342 U.S. 1, 5 (1951). Accordingly, the amount of bail cannot be "excessive" – that is, "higher than ... reasonably calculated to" ensure the accused's appearance. *Id.* (citation omitted).

*Booth v. Galveston Cnty.*, No. 3:18-CV-00104, 2019 WL 3714455, at *2 (S.D. Tex. Aug. 7, 2019), *rec. adopted as modified*, 2019 WL 4305457 (S.D. Tex. Sept. 11, 2019); *see also Meechaicum v. Fountain*, 696 F.2d 790, 791 (10th Cir. 1983) ("The Eighth Amendment's prohibition against excessive bail is the foundation of a bail system which, by conditioning release on the offer of financial security, seeks to reconcile the defendant's interest in, and society's commitment to, pretrial liberty with the need to assure the defendant's presence at trial." (internal quotation marks and citation omitted)).

> [A] prohibition against excessive bail exists even though there is no absolute constitutional right to bail. In *Stack v. Boyle*, the [United States Supreme] Court held that "bail set at a figure higher than an amount reasonably calculated to ensure the defendant's presence at trial is 'excessive' under the Eighth Amendment." In applying this standard, [the Fifth Circuit has] found that requiring $750,000 bail from a defendant deemed to be a flight risk is not excessive even though the defendant is unable to pay the bail.

*Broussard v. Par. of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003) (quoting *Stack*, 342 U.S. at 5, then citing *United States v. McConnell*, 842 F.2d 105, 107-08 (5th Cir. 1988)).

Assuming that the prohibition against excessive bail applies to the states through the Fourteenth Amendment, *see Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Broussard*, 318 F.3d at 650 n.25,[1] Plaintiff fails to specify the amount of bail imposed, or – even if the Court takes judicial notice as to those amounts – "facts concerning the circumstances that might have warranted [the] amount of bail," *Been v. Edwards*, No. CIV-15-1258-F, 2015 WL 9263911, at *4 (W.D. Okla. Dec. 3, 2015).

He has therefore failed to show "that he was subjected to an unreasonable or arbitrary bail, and he has not alleged a plausible claim" under Section 1983. *Id.* (dismissing a similarly deficient claim under Sections 1915A(b) and 1915(e)(2)(B)); *see also Jones v. Harris Cnty.*, Civ. A. No. H-19-0628, 2019 WL 2355732 (S.D. Tex. May 31, 2019) ("Plaintiff contends that these denials of felony pretrial bonds violated his constitutional rights under the Eighth Amendment. … Plaintiff's argument is misplaced. The Excessive Bail Clause of the Eighth Amendment provides that '[e]xcessive bail shall not be required.' U.S. CONST., amend. VIII. But the Eighth Amendment 'says nothing about whether bail shall be available at all.' *United States v. Salerno*, 481 U.S. 739, 752 (1987). Consequently, plaintiff's allegation that the state

---

[1] *See also Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 462 (5th Cir. 2015) ("The constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc))).

district judges denied him felony pretrial bonds does not, standing alone, establish an actionable Eighth Amendment violation for purposes of section 1983. *See Carlson v. Landon*, 342 U.S. 524, 545-46 (1952) ('[The Excessive Bail Clause] has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail.')." (citation omitted)).

## Recommendation

The Court should dismiss the complaint without prejudice to Plaintiff's filing within a reasonable period of time to be set by the Court an amended civil rights complaint that excludes requests for habeas relief and also cures, if and where possible, the deficiencies outlined above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE