IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES CASEY OCONNOR, <br> #4209-19, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-3258-G-BN |
| CHARLES E. EDGE, Sheriff, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Based on publicly available information, Plaintiff, identifying himself as "OCONNOR," is an inmate at the Ellis County jail named James Casey OConnor, charged with theft in Texas, who has a hold against him by authorities in Washington County, Arkansas, where it appears he is facing charges of theft by receiving and terroristic threat.

Plaintiff filed this *pro se* civil rights action against the Ellis County Sheriff and a lieutenant in his office and the Washington County, Arkansas Sheriff and officials in his office, alleging that the defendants have violated his constitutional rights by his continued pretrial detention and denial of a bond hearing and requesting that he be allowed to proceed to trial, be released from custody, and be compensated for the time that he spent in detention. *See* Dkt. No. 3.

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

And, accepting the undersigned's October 29, 2020 findings of fact, conclusions of law, and recommendation [Dkt. No. 6] (the Initial FCR), the Court has dismissed Plaintiff's complaint without prejudice to his filing, by December 15, 2020, an amended civil rights complaint that excludes requests for habeas relief and cures, if and where possible, the deficiencies outlined in the Initial FCR. *See generally OConnor v. Edge*, No. 3:20-cv-3258-G-BN, 2020 WL 6928382 (N.D. Tex. Oct. 29, 2020), *rec. accepted*, 2020 WL 6889017 (N.D. Tex. Nov. 24, 2020).

As these instructions indicate, and as explained in the Initial FCR,

> Plaintiff's seeking release from custody amounts to a request for habeas relief through a civil rights complaint. And, while "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under [28 U.S.C.] § 2241 if two requirements are satisfied" – (1) that petitioner is "in custody" and (2) that he has exhausted "available state remedies," *Ray v. Quarterman*, No. 3:06-cv-850-L, at *1 & n.1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006), where a detainee "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action," he seeks "two forms of relief that cannot be obtained in the same suit," *Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011).
> And, where a prisoner brings both "habeas and § 1983 claims," the district court is "required" to "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); collected cases omitted).

*OConnor*, 2020 WL 6928382, at *3 (recommending that the Court "dismiss Plaintiff's requests related to habeas relief – which would include those related to release pending trial and related to a speedy trial in state court – without prejudice to his filing a Section 2241 petition after properly exhausting available state remedies and continue to screen his civil rights claims").

Plaintiff has now filed a Motion to Compel Discovery and Petition for Writ of Habeas Corpus [Dkt. No. 12]. He attaches to this construed Section 2241 petition four documents, each titled a Result of Appeal Hearing. *See id.* at 3-7. All were issued by the facility in which Plaintiff is incarcerated. *See id.* All are characterized as final determinations. *See id.* And they, in total, impose 120 days (from December 17, 2020 to April 12, 2021) of loss of telephone, television, visitation, commissary, and other (unspecified) disciplinary restrictions. *See id.*

In assessing the construed Section 2241 habeas application considering these attachments, the Court should first find that Plaintiff has exhausted the applicable administrative remedies. *Compare Schmidt v. Davis*, 768 F. App'x 281, 282 (5th Cir. 2019) (per curiam) ("As an initial matter, Schmidt exhausted all state remedies: he filed the requisite grievance forms; and the Texas Court of Criminal Appeals has 'refused to consider matters such as loss of good time credit, disciplinary proceedings and inmate classification by way of a writ of habeas corpus.' *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc) (citing *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986) (en banc)). Therefore, Schmidt has satisfied the exhaustion requirement of § 2254 because there is not an 'available State corrective process.' *See* 28 U.S.C. § 2254(b)(1)(B)(i), (c); *Anthony v. Johnson*, 177 F.3d 978, 978 (5th Cir. 1999) (per curiam) ('Accordingly, a Texas prisoner seeking to challenge the outcome of a prison disciplinary hearing in habeas corpus proceedings need exhaust only prison grievance procedures.' (citation omitted))."), *with Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory

language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)).

But Plaintiff is not entitled to habeas relief. "In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests." *Rodriguez v. Davis*, No. 2:17-CV-163, 2017 WL 8793347, at *1 (S.D. Tex. Aug. 3, 2017) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) ("To establish a due process violation, a prisoner must show that he was deprived of a liberty interest protected by the Constitution or other law." (citation omitted)).

"These interests are generally limited to sanctions that affect the quantity of time served by a prisoner, not the condition." *Rodriguez*, 2017 WL 8793347, at *1 (citing *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997)). So, "to state a claim for federal habeas corpus relief, [a petitioner] must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence." *Id*. Accordingly, "[n]ot every punishment for prison misconduct implicates a protected liberty interest." *Jacques*, 632 F. App'x at 225 (citing *Sandin*, 515 U.S. at 485-87).[1]

---

[1] *See also Gillaspie v. Davis*, No. 3:17-cv-160-G-BN, 2018 WL 3216061, at *2 (N.D. Tex. June 13, 2018) ("For example, neither 'the temporary loss of commissary' nor the temporary loss of 'visitation privileges' would 'support a due process claim.'" (quoting *Jacques*, 632 F. App'x at 225 (citing, in turn, *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); citation

And, because the punishments that Plaintiff received as a result of the jail disciplinary proceeding convictions amount only to temporary deprivations of privileges, Plaintiff is not now challenging "prison disciplinary proceedings and procedures" that "resulted in penalties that would extend the duration of his sentence." *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam). He is therefore not entitled to habeas relief, and the Court should summarily dismiss his construed Section 2241 petition. *Cf. Lott v. Davis*, Civ. A. No. H-16-2972, 2016 WL 6093464, at *2 (S.D. Tex. Oct. 19, 2016) ("Absent a protected liberty interest in attaining parole, Lott cannot show that he was denied parole in violation of the Due Process Clause or that he is entitled to federal habeas corpus relief. The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Because Lott's habeas petition lacks an arguable basis in law, it must be dismissed for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).").

In sum, the Court should deny Motion to Compel Discovery and Petition for

---

omitted))), *rec. accepted*, 2018 WL 3207425 (N.D. Tex. June 28, 2018); *Brown v. Ask-Carlson*, No. 1:13-CV-03298, 2015 WL 52308, at *3 (W.D. La. Jan. 2, 2015) ("An inmate has a liberty interest in good time credits, *Sandin*, 515 U.S. at 477-78, but does not have a liberty interest in privileges, *Sandin*, 515 U.S. at 481, such as visitation and telephone. Loss of privileges does not implicate due process concerns. A temporary loss of privileges does not pose atypical or significant hardships beyond the ordinary incidents of prison life." (citing *Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 767-68; *Payne v. Dretke*, 80 F. App'x 314, 315 (5th Cir. 2003) (per curiam) (citing, in turn, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)))).

Writ of Habeas Corpus [Dkt. No. 12]. And, because Plaintiff has sought habeas relief through this civil rights action, the Court, for statistical purposes, should open and close a new 28 U.S.C. § 2241 cause of action (Nature of Suit 530) directly assigned to Judge Fish and the undersigned.

## Recommendation

The Court should deny Motion to Compel Discovery and Petition for Writ of Habeas Corpus [Dkt. No. 12]. And the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2241 case (nature of suit 530 directly assigned, per Special Order 3-250, to Senior United States District Judge A. Joe Fish and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting or adopting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 3, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE